SANDRA G. SIMON et al., Plaintiffs, *v.* DANIEL FELDHEIM, Defendant.

Supreme Court, Trial Term, Kings County, July 6, 1962.

*Berger & Peters* (*Fred Peters* of counsel), for plaintiffs. *Martin, Clearwater & Bell* (*William C. Richardson* of counsel), for defendant.

LOUIS L. FRIEDMAN, J. Plaintiff sues to recover for personal injuries sustained as a result of the malpractice of the defendant, an osteopathic physician. She alleges that the injuries occurred when the defendant injected a hypodermic needle into the left thoracic region of her back, puncturing her left lung and causing a total collapse thereof.

Defendant denies that he was responsible for the collapse of the lung (known as a pneumothorax) contending that it came about as a result of spontaneous action.

On all of the facts of the case, the court has come to the conclusion that plaintiff's injuries are the result of defendant's malpractice.

Plaintiff was a 28-year-old woman, exceedingly thin since she weighed but 98 pounds despite her 5-foot, 4½-inch height.

Defendant admits that he was asked to inject the offending muscle in plaintiff's back and he contends that he did so and that the injection did not enter plaintiff's lung since the needle used was but one inch long. The pneumothorax which occurred immediately following this injection was claimed by defendant to be a mere coincidence.

An examination of the record of the hospital to which plaintiff was removed the following day, indicates on the history sheet thereof that instead of injecting the muscle, defendant had attempted to do a nerve block. On the trial, defendant conceded his inexperience in such procedures and the dangers from attempting a nerve block, particularly on this plaintiff, in view of the fact that she was so thin, and of the danger of invading the lung area. The story about the one-inch needle came into

play because defendant's office records indicate the apparent attempt on the part of defendant to escape responsibility, by showing in those records the use of this one-inch needle, which would ordinarily be too short to reach into the lung. Even the attempt in the hospital record on the part of the consulting physician to attribute plaintiff's illness to a spontaneous pneumothorax failed, because the very consultation sheet on which this diagnosis appears, reveals that the episodes of coughing and other symptoms which showed the complete collapse of the lung, occurred "immediately after inj." (meaning injection).

The court is satisfied that it was defendant's negligence and malpractice which brought about the unfortunate result, and that plaintiffs are entitled to be compensated.

Plaintiff wife suffered from considerable pain not only immediately following the injection but during the 16 days when she was in the hospital. The record shows the many drugs given to her to alleviate that pain. In addition, the front part of her chest was operated on for the insertion of a catheter and she was obliged to have that catheter in her chest for a period of approximately five days, the purpose being to reinflate the collapsed lung. For a number of months she was unable to get about and do her usual household work and take care of her infant child. For her pain and suffering, and for the resultant scar, which is in an area which will be visible when wearing a bathing suit or evening dress, the court awards her the sum of $7,500.

The coplaintiff, who was her husband at the time of the incident, and who is now divorced from her, expended the sum of $833.15 for hospital charges and medical expenses. In addition, he was deprived of the services of his wife during her disability. He is entitled to and the court hereby awards him the sum of $1,500 on his cause of action.